UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL MILLER,

        Plaintiff,

-vs-                          Case No. 6:08-cv-1580-Orl-19DAB

TOYOTA MOTOR CORPORATION,
THRIFTY RENT-A-CAR SERVICE, INC.,

        Defendants.

_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendant Thrifty Rent-A-Car Service, Inc. to Dismiss and Motion to Join in the Pleadings of the Co-Defendant Toyota Motor Company (Doc. No. 14, filed Dec. 19, 2007);

2. Opposition of Plaintiff to Defendants' Joint Motion for Dismissal Under *Forum Non-Conveniens* (Doc. No. 24, filed Jan. 31, 2008); and

3. Reply Brief of Defendant, Thrifty Rent-A-Car Systems, Inc. in Support of its Motion to Dismiss Plaintiff's Complaint on the Basis of *Forum Non-Conveniens* (Doc. No. 31, filed Feb. 15, 2008).

## Background

The general factual background of this case is set out in several Orders issued by this Court, the United States District Court for the Northern District of Ohio, and the Sixth Circuit Court of Appeals. *See, e.g.*, *Estate of Thomson v. Toyota Motor Corp.*, __ F.3d __, No. 07-3813, 2008 WL 2952784, at *1 (6th Cir. July 30, 2008); *Estate of Miller v. Toyota Motor Corp.*, No. 6:07-cv-1358-Orl-19DAB, 2007 WL 4482589, at *1 (M.D. Fla. Dec. 18, 2007); *Estate of Thomson*

*v. Toyota Motor Corp.*, No. 1:06-cv-2431, 2007 WL 1795271, at *1 (N.D. Ohio June 19, 2007). For present purposes, the relevant facts and procedural history can be stated briefly.

Plaintiff Michael Miller seeks damages for the loss of consortium due to injuries suffered by his wife, Colleen Miller, in a car accident that occurred in South Africa. (Doc. No. 1-2, filed Nov. 14, 2007.) This same accident is also the subject of two companion cases: *Estate of Thomson*, filed during October of 2006 in the United States District Court for the Northern District of Ohio, and *Estate of Miller*, filed during August of 2007 in this Court.

Michael Miller filed his suit in Ohio state court during October of 2007, and Defendants Toyota Motor Corporation ("TMC") and Thrifty Rent-A-Car Service, Inc. ("Thrifty") soon removed the case to the United States District Court for the Northern District of Ohio. (Doc. No. 1.) Judge James G. Carr of the Western Division of the District was initially assigned to the case.

By the time Michael Miller's case was removed in November of 2007, motions practice was well underway in the companion cases. In June of the same year, in *Estate of Thomson*, Judge Ann Aldrich of the Eastern Division of the Northern District of Ohio had dismissed the claims against Thrifty on the grounds of *forum non conveniens*. *Estate of Thomson*, 2007 WL 1795271, at *3-5. Approximately one month after Michael Miller's case was removed to federal court, this Court rejected Thrifty's request in *Estate of Miller* to dismiss the claims against it under *forum non conveniens*, finding that Thrifty had failed to establish that South Africa was an adequate forum. *Estate of Miller*, 2007 WL 4482589, at *4-5.

One day after this Court's Order in *Estate of Miller*, Thrifty filed a Motion to Dismiss in Michael Miller's case urging Judge Carr to dismiss the case on the grounds of *forum non conveniens*. (Doc. No. 14, filed Dec. 19, 2007.) Instead of ruling on the Motion, Judge Carr

transferred the case to Judge Aldrich for consideration with *Estate of Thomson*. (Doc. No. 35, filed Feb. 22, 2008.) Judge Aldrich did not immediately rule on the Motion.

The next relevant event occurred on July 30, 2008, when the Sixth Circuit Court of Appeals affirmed Judge Aldrich's dismissal of the claims against Thrifty in *Estate of Thomson*. *Estate of Thomson*, 2008 WL 2952784, at *6-8. Approximately one and a half months later, Judge Aldrich addressed the pending motions in Michael Miller's case. However, instead of dismissing the claims against Thrifty under the same rational as in *Estate of Thomson*, Judge Aldrich entered an Order transferring the case to this Court. (Doc. No. 42, filed Sept. 12, 2008.) Both Thrifty and TMC objected to the transfer, but Judge Aldrich denied their requests for reconsideration. (*See* Doc. No. 62, filed Oct. 7, 2008.)

Judge Aldrich's Order of Transfer deferred ruling on Thrifty's Motion to Dismiss under *forum non conveniens*. (Doc. No. 42 at 1.) Accordingly, that Motion is still pending before this Court.

**Standard for Dismissal Under Forum Non Conveniens**

To prevail on a motion to dismiss based on *forum non conveniens*, the moving party "has the burden of demonstrating that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) [the plaintiff] can reinstate its suit in the alternative forum without undue inconvenience or prejudice." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 864 (11th Cir. 2007) (citing *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001)).

The burden to demonstrate that an "adequate" forum is available actually requires the movant to show that the alternative forum is both "adequate" and "available." *Id.* at 865 (quoting *La*

*Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983)). An alternative forum will be considered "adequate" as "long as it could provide some relief for the plaintiff['s] claims, even if the substantive law that would be applied in the alternative forum is less favorable to the plaintiff[] than that of the present forum." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981)) (internal quotations omitted). "Generally, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum." *Id.* (citing *Piper Aircraft*, 454 U.S. at 242; *La Seguridad*, 707 F.2d at 1305 n.1).

If the movant satisfies this first prong, it must then demonstrate that relevant factors of "private interest" are sufficiently compelling to outweigh a presumption in favor of the plaintiff's choice of forum. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). This burden is particularly steep concerning a foreign forum when the plaintiff is a United States citizen, resident, or corporation. *See id.*; *Haddad v. RAV Bahamas, Ltd.*, No. 05-21013-CIV, 2008 WL 1017743, at *5 (S.D. Fla. Apr. 9, 2008) ("The presumption in favor the plaintiff's initial forum choice is at its strongest when the plaintiffs are citizens, residents, or corporations of this country."). In the Eleventh Circuit, "courts should require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *La Seguridad*, 707 F.2d at 1308 n.7. Relevant factors of "private interest" to consider include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses and costs of obtaining unwilling witnesses; (3) the probability of a view of the premises, if appropriate to the action; (4) the enforceability of a judgment if obtained; and (5) all other practical problems that make a trial of the case easy, expeditious, and inexpensive.

*Callasso v. Morton & Co.*, 324 F. Supp. 2d 1320, 1330 n.7 (S.D. Fla. 2004) (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir.1987)); *see also SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1100-01 (11th Cir. 2004).

If the balance of private interest factors is at or near equipoise, the Court must then consider relevant factors of public interest. *Tyco Fire & Sec., LLC*, 218 F. App'x at 865; *SME Racks, Inc.*, 382 F.3d at 1101; *but see Leon*, 251 F.3d at 1311 ("[T]he better rule is to consider both factors in all cases . . . ."). These factors include:

> (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Callasso*, 324 F. Supp. 2d at 1330 n.8 (citing *In re Air Crash*, 821 F.2d at 1147).

Finally, if the balance of interests favors the alternative forum, the Court must ensure that the "plaintiff[] can reinstate [its] suit in the alternative forum without undue inconvenience or prejudice." *Tyco Fire & Sec., LLC,* 218 F. App'x at 866 (citing *La Seguridad*, 707 F.2d at 1307).

**Analysis**

In *Estate of Miller*, this Court denied Thrifty's Motion to Dismiss for *forum non conveniens* on the threshold ground that Thrifty had failed to show that it was amenable to service of process in South Africa. *Estate of Miller*, 2007 WL 4482589, at *5-6. That deficiency also exists in the instant case.

Thrifty repeatedly argues in its Motion and Reply Brief that the issue of amenability to service is not a concern because the proper defendants are subject to service in South Africa. (Doc. No. 14 at 6 ("The affidavit of Richard Morris attest [sic] to the fact that The Safy Group [and other

entities] are available as defendants . . . . they are the entity [sic] the plaintiffs were dealing with." (emphasis in original)); Doc. No. 31 at 3 (arguing that the proper defendant is subject to jurisdiction in South Africa).) Specifically, Thrifty contends that "Safy," the South African corporation from which the Millers rented the Toyota Condor, is subject to service in South Africa. (Doc. No. 31 at 3.)

However, Thrifty's argument cannot be reconciled with Eleventh Circuit case law. Dismissal under *forum non conveniens* is a procedural mechanism designed to find an appropriate forum.[1] The doctrine is not meant to find the proper defendants. Thus, the Eleventh Circuit has explained that a "defendant can demonstrate an available forum by showing that *it is amenable* to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum." *Tyco Fire & Sec., LLC,* 218 F. App'x at 865 (emphasis added). The defendant cannot meet this burden by showing that the plaintiff will still be able to pursue claims against other defendants in the alternative forum. *See id.* In the Eleventh Circuit, the questions of "adequacy" and "availability" are distinct and must both be answered in the affirmative. *Id.*

The Court recognizes that the Sixth Circuit came to a contrary conclusion in *Estate of Thomson*. There, the Sixth Circuit concluded that Thrifty's non-amenability to service did not preclude dismissal:

> While Thrifty asserts it is not a proper defendant, it has not asserted that plaintiffs are unable to sue any entity connected with them. Indeed, the record shows that Thrifty entered into a License Agreement with an entity called the Safy Group ("Safy") and Safy conducts business in South Africa using Thrifty's name. . . . Thus, Thrifty is not, as plaintiffs contend, trying to hide its corporate identity, but rather makes clear that Safy, or its affiliates listed above, is the entity with whom plaintiffs contracted.

---

[1] The term literally means an "inconvenient forum" in Latin. Black's Law Dictionary defines the term as "an unsuitable court." Black's Law Dictionary 680 (8th ed. 2004).

Case 6:08-cv-01580-PCF-DAB   Document 80   Filed 11/10/08   Page 7 of 9 PageID 752

> Thus, an adequate forum exists in South Africa and there are corporate entities, indeed the proper entities, in South Africa which are amenable to service.

*Thomson*, 2008 WL 2952784, at *6. However, regardless of whether the *Thomson* court's conclusion is consistent with Sixth Circuit case law, it conflates the concepts of "adequacy" and "availability" as defined by the Eleventh Circuit. *See Tyco Fire & Sec., LLC*, 218 F. App'x at 865 ("In this case, Mexico would be an 'available' forum if the Mexican court can assert jurisdiction over the *entire case*. . . . [The defendant] conceded at oral argument before this Court that it had not consented to the jurisdiction of the Mexican courts. Thus, it is unclear whether Mexico is an available alternative forum for this case. . . . Any future analysis of [the defendant's] motion to dismiss for *forum non conveniens* must address both whether the alleged alternative forum is 'available' and whether that forum is adequate." (emphasis added) (citations omitted)). Simply put, because Thrifty refuses to submit to jurisdiction in South Africa, and its arguments suggest that it would not be subject to personal jurisdiction there, the Court cannot conclude that a South African court would be able to assert jurisdiction over the "entire case." *Id.* Accordingly, South Africa is not an available forum for Miller's claim.

Further, even if Thrifty had consented to jurisdiction in South Africa, it is questionable whether Michael Miller's choice of a United States forum should be disturbed. Thrifty is correct that a majority of private factors weigh in favor of dismissal. As the Sixth Circuit's opinion in *Thomson* suggests, the "relative ease of access to sources of proof," the "availability of compulsory process for attendance of unwilling witnesses and costs of obtaining unwilling witnesses," and the "probability of a view of the premises" are all "private factors" that weigh in favor of dismissal. By contrast, the "enforceability of a judgment if obtained" weighs in favor of retaining the case in this

district where Thrifty appears to be subject to personal jurisdiction.[2] The fifth factor of "other practical problems that make a trial of the case easy, expeditious, and inexpensive" does not appear to weigh in any particular direction because the problems that might arise from retaining this case are sufficiently addressed by the first three factors.

Nevertheless, while a majority of the relevant "private factors" weigh in favor of dismissal, Thrifty has not pointed to "positive evidence of unusually extreme circumstances" that would warrant the dismissal of this action. In fact, the Court is unaware of any case decided by the Eleventh Circuit Court of Appeals or a district court within the Circuit that has identified "unusually extreme circumstances" in a suit between United States citizens, residents, or corporations.[3] Further, Thrifty's primary defense in this case appears to be that no agency relationship existed between it and its South African affiliates. (*See* Doc. No. 31 at 3.) This defense does not depend on the length of a skid mark, the conditions of the road, or any other detail that would require an inspection of the accident site or testimony by local eyewitnesses. As a result, Thrifty's contention that it would be hamstrung in presenting a defense appears somewhat overstated, and the Court is not "convinced that material injustice is manifest" in requiring Thrifty to defend this suit in the Middle District of

---

[2] Thrifty has not contested personal jurisdiction in this Court and did not contest personal jurisdiction before the case was transferred.

[3] The Complaint alleges that Michael Miller is a resident of Ohio and Thrifty is incorporated in Oklahoma. (Doc. No. 1-2 ¶¶ 1, 4.) It appears that only two courts within the Eleventh Circuit have found "positive evidence of unusually extreme circumstances." Neither case involved a dispute between two United States citizens, and both cases featured a balance of private factors that overwhelmingly favored dismissal. *Villeda Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2007 WL 3054986, at *3-5 (S.D. Fla. Oct. 16, 2007) (claim asserted by Guatemalan nationals under the Alien Tort Claims Act and the Torture Victim Prevention Act against a Guatemalan corporation); *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1270-75 (M.D. Fla. 2007) (breach of contract claim asserted by American corporation against a Japanese corporation).

Florida. While litigation in this Court will not necessarily be convenient, Thrifty's perceived hardship does not appear sufficient to outweigh Michael Miller's choice of a United States forum.

## Conclusion

The Motion of Defendant Thrifty Rent-A-Car Service, Inc. to Dismiss and Motion to Join in the Pleadings of the Co-Defendant Toyota Motor Company (Doc. No. 14, filed Dec. 19, 2007) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 10, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record